## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENEEN L. MONTGOMERY-SMITH** | *  CIVIL ACTION |
| | * |
| **VERSUS** | * **NUMBER:** 17-5564 |
| | * |
| **LOUISIANA DEPARTMENT OF** | * **JUDGE:** |
| **HEALTH AND HOSPITALS, OFFICE OF PUBLIC HEALTH** | * |
| **LOUISIANA CENTER FOR RECORDS AND STATISTICS,** | * |
| **DEVIN GEORGE, INDIVIDUALLY AND IN HIS** | * **MAG. JUDGE:** |
| **CAPACITY AS CENTER DIRECTOR/STATE REGISTRAR,** | * |
| **OFFICE OF PUBLIC HEALTH-LOUISIANA** | * |
| **CENTER FOR RECORDS AND STATISTICS,** | * |
| **DARLENE WARREN-SMITH, INDIVIDUALLY AND IN** | * |
| **HER CAPACITY AS DHH VITAL RECORDS** | * |
| **CONSULTANT TO CENTER DIRECTOR/STATE** | * |
| **REGISTRAR, DHH OFFICE OF PUBLIC HEALTH** | * |
| **LOUISIANA CENTER** | * |
| **FOR RECORDS AND STATISTICS** | * |

* * * * * * * * * * * * * * * * * * * * * * * *  * * * * * * * * * * * * * * * * * * * * * * * * * *******

## COMPLAINT

Plaintiff, Deneen L. Montgomery-Smith,(Deneen Smith sometimes hereinafter**),** is a citizen of the United States of America and a resident of the Parish of Jefferson, State of Louisiana and desires to supplement and restated her complaint and causes of action alleged against the defendant(s) as follows:

### 1.

Made defendant herein is:

a)  The State of Louisiana, through its Department of Health and Hospitals ("DHH") Office of Public Health - Louisiana Center for Records and Statistics, an agency of the State of Louisiana with its principal place of business in the Parish of East Baton Rouge, Baton Rouge, Louisiana and an office located in the Parish of Orleans;

b)  Devin George, Individually and in his capacity as Center Director/State Registrar, DHH

Office of Public Health - Louisiana Center for Records and Statistics, on information and belief, a person of the full age of majority and resident of the Parish of Orleans, State of Louisiana; and

c) Darlene Warren-Smith, Individually and in her capacity as DHH Vital Records Consultant to Center Director/State Registrar, DHH Office of Public Health - Louisiana Center for Records and Statistics, on information and belief, a person of the full age of majority and resident of the Parish of St. John the Baptist, State of Louisiana;

**2.**

Jurisdiction is vested in t421658his court pursuant to 28 U.S. Code Section 1331 as there are matters that arise under federal laws of the United States, Title VII of the Civil Rights Act of 1964 and 1991, as amended, Section 701 et seq. and all anti-retaliation provisions and 42 U.S.C. § 2000e et seq., ("Title VII), 42 U.S.C. 1981 as amended including the 1991 revisions that allow a plaintiff to sue for conduct, such as harassment, or termination and 42 U.S.C. 1983 which provides for a four year prescriptive period pursuant to  28 U.S.C. § 1658**.**

**3.**

Deneen Smith is an African American female (BF), who at all relevant times herein was over the age of 40.

**4.**

Deneen Smith has a bachelor's degree in Criminal Justice/Sociology and a Master's degree in Criminal Justice.

**5.**

Deneen Smith has been employed with the State of Louisiana since 1989 and with the Department of Health and Hospitals since 2002.

**6.**

Deneen Smith worked at the Department of Health and Hospitals – Office of the Bureau of Protective Services and promoted to the position of APS Supervisor on March 30, 2004 where she worked until July 30, 2007; when, she was transferred without her agreement to the DHH-Office of Public Health Department of Vital Records after she filed an EEOC charge and a lawsuit for discrimination, retaliation, harassment, failure to promote, and denial of merit increases.

**7.**

The first lawsuit based on racial discrimination, retaliation and a hostile work environment was filed on April 13, 2007 in the Civil District Court for the Parish of Orleans, captioned Deneen L. Montgomery Smith v. Louisiana Department of Health and Hospitals/ Office of the Secretary/Bureau of Protective Services, bearing docket No. 2007-3395 and personal service was made on DHH on April 25, 2007.

**8.**

Effective July 30, 2007, Deneen Smith was transferred to DHH Vital Records Department, which is perceived  to be the lowest of the agencies under the umbrella of DHH.

**9.**

The second lawsuit based on racial discrimination, retaliation and a hostile work environment was filed on October 24, 2008 in the U. S. Eastern District Court of Louisiana, captioned Montgomery-Smith v. Louisiana Department of Health and Hospitals, Office of Aging and Adult Services, Bureau of Protective Services et al, bearing docket No. 2:08-cv-04737 and served on February 19, 2009.

**10.**

For over four years after filing the lawsuits based on racial discrimination, retaliation and a hostile work environment, Deneen Montgomery-Smith remained enthralled in active litigation against her employer; while, she worked in the Program Monitor Supervisor position in Vital Records.

**11.**

Hugh Ely who was accused of discrimination and retaliation in the 2007 and 2008 racial discrimination and retaliation lawsuits told Deneen Montgomery Smith in 2007 that she would never be promoted as a DHH employee.

**12.**

Hugh Ely subsequently became the Deputy Secretary of DHH after Deneen Smith was sent to Vital Records and on information and belief continued to be instrumental in the retaliatory and adverse actions against Deneen Smith.

**13.**

Although Deneen Smith had been transferred to Vital Records to punish her for complaining about racial discrimination and retaliation, to shame her for suing DHH, and to force her to resign, DHH could not change her Civil Service protected salary that had been achieved through her pre-discrimination promotions; so, initially, advancement opportunities were non-existent.

**14.**

In 2014, Deneen Smith began applying for competitive positions posted by DHH that were consistent with her training, education, and experience, and that would have provided her increases in salary between 7% and 14%.

**15.**

Deneen Smith also requested that Devin George offer her opportunities to be detailed into available positions to gain more experience that would have also provided her increases in salary between 7% and 14%.

**16.**

Although a detail that Deneen Smith would have been qualified to fill as a program manager was available in late summer 2014, on September 10, 2014 @ 10:18 pm, within days of Darlene Smith returning as the consultant to Devin George,  Devin George, Registrar  sent out an email announcing the detail of Robin Lewis to Vital Records Program Manager.

**17.**

Deneen Smith was a higher 'GS' level than Robin Lewis, received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, had employed with the State of Louisiana Department of Social Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present,  prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a  subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and  not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Robin Lewis, because Deneen Smith had more experience, knowledge, skills, and training than Robin Lewis.

**18.**

Robin Lewis only had an undergraduate degree, no postgraduate degree, was demoted at another agency, and came  to Vital Records in May 2008 as a clerical employee and was jumped five (5) grade levels to be detailed to a Program Manager over Deneen Smith.

**19.**

On September 22, 2014, Deneen Smith filed a grievance in relation to the appointment of Robin Lewis.

**20.**

Since Robin Lewis did not have the qualifications needed to be a Program Manager, Devin George used the detailing procedure to assist Robin Lewis to gain experience to justify not promoting Deneen Montgomery Smith.

**21.**

On November 12, 2014, Robin Lewis was returned to her pre-detail position of an AS 6617.

**22.**

Effective November 13, 2014 at the request of Devin George, Robin Lewis was again detailed up five levels to a Program Manager 3, Deputy State Registrar.

**23.**

Robin Lewis remained in the position of Program Manager 3 until December 7, 2014; when, she was detailed to a program Manager 2 from December 8, 2014 to August 2, 2015.

**24.**

After allowing Robin Lewis to gain sufficient experience,  to qualify to apply for a promotion to Program Manager 2, on May 5, 2015, while Robin Lewis was detailed to the Program

Manager 2 position, Devin George filed an OPH Request to Fill/Promote form for the Program
Manger 2 -AS 622 position.

**25.**

On June 26, 2015, the Program Manager 2 position was perfunctorily posted.

**26.**

On June 27, 2015 at 4:19 p.m., Deneen Smith applied for the Program Manager 2 position.

**27.**

On July 21, 2015, to comply with Civil Service requirement and in an effort to cover up
retaliation and discrimination, Deneen Smith had a perfunctory pretextual interview for Program
Manger 2 by Devin George and two persons that he handpicked.

**28.**

However, Devin George, in consultation with Darlene Smith, retained the ultimate hiring
authority for Program Manger 2.

**29.**

On July 30, 2015, Devin George signed a contractual agreement for a conditional offer of
employment to Robin Lewis who accepted the conditional offer of employment on July 30, 2015
and effective August 3, 2015, Robin Lewis was officially promoted to the position of Program
Manager 2 that resulted in a 14% increase in salary because she was promoted four grade levels
upward.

**30.**

Robin Lewis only had an undergraduate degree, no postgraduate degree, was demoted at
another agency, and came  to Vital Records in May 2008 as a clerical employee and was jumped
five (5) grade levels to be detailed to a Program Manager over Deneen Smith.

**31.**

Deneen Smith was a higher 'GS' level than Robin Lewis, received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present,  prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a  subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and  not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Robin Lewis, because Deneen Smith had more experience, knowledge, skills, and training than Robin Lewis.

**32.**

On June 27, 2015 at 11:30 p.m., Deneen Smith timely applied for a Program Manager 1-B-DHH.

**33.**

The hiring manager for the position was Devin George (WM) State Registrar.

**34.**

Deneen Montgomery Smith was not offered an interview for the Program Manager 1-B-DHH position.

**35.**

Devin George, in consultation with Darlene Smith, retained the ultimate hiring authority for the Program Manager 1-B-DHH position.

**36.**

On July 30, 2015, Devin George signed a contractual agreement for a conditional offer of employment to Jemimah Mickel who accepted the conditional offer of employment on July 31, 2015 and effective August 3, 2015, Jemimah Mickel was officially promoted to the position of Program Manager 1-B-DHH that resulted in a 10.5% increase in salary because she was promoted two grade levels upward.

**37.**

Deneen Smith was better qualified than Jemimah Mickel  who has only an undergraduate degree obtained in 2002from November 2000 to April 2003, Jemimah worked as a personal care attendant in a community living center, was hired in a clerical capacity by DHH-Vital records and held clerical positions until her position was reallocated by Devin George in February 2015 to a professional level position, and had only five months of supervisory experience when she was promoted to Program Manager 1-B.

**38.**

Deneen Smith received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present, prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a  subject

matter expert in Vital Records, assisted and made herself available to all staff and departments,

liaison between Vital Records and all state and federal agencies, and although retaliated against

and   not been promoted or detailed since coming to Vital Records in 2007, was still more

qualified than Jemimah Mickel, because Deneen Smith had more experience, knowledge, skills,

and training than Jemimah.

**39.**

On August 29, 2015 at 10:46 p.m., Deneen Smith timely applied for a Program Manager 1-B-

DHH position.

**40.**

The hiring manager for the position was Devin George (WM) State Registrar.

**41.**

On information and belief, Omar Khalid (Islamic male) did not apply for the position timely.

**42.**

Devin George, hiring authority allowed the position to expire without offering an interview to

Deneen Smith who had timely applied for the Program Manager 1-B-DHH position.

**43.**

Devin George then reposted the Program Manager 1-B-DHH position.

**44.**

On September 15, 2015 at 9:40 p.m., Deneen Smith applied again for the Program Manager 1-

B-DHH position.

**45.**

The hiring manager for the position was Devin George (WM) State Registrar.

**46.**

 Deneen Montgomery Smith was not offered an interview for the Program Manager 1-B-DHH position.

**47.**

Devin George, in consultation with Darlene Smith, retained the ultimate hiring authority for the Program Manager 1-B-DHH position.

**48.**

 On October 8, 2015, Devin George signed a contractual agreement for a conditional offer of employment to Omar Khalid who accepted the conditional offer of employment on 9, 2015 and effective October 12, 2015, Omar Khalid was officially promoted to the position of Program Manager 1-B-DHH that resulted in a 14% increase in salary because he was promoted three grade levels upward.

**49.**

 Deneen Smith was better qualified than Omar Khalid (Islamic Male) who only obtained a bachelor's degree in 2004, worked part-time jobs after college until hired  as a legislative liaison for five (5) months, unemployed for  seven (7) months, hired in a clerical position as a field consultant by DHH in May 2011, reallocated to a Program Monitor in February 2015, detailed to a Program Manager 1-B in between October 2, 2015 to October 25, 2015 and promoted to program Manager 1-B on October 26, 2015.

**49.**

 Deneen Smith was a higher 'GS' level than Omar Khalid, Smith received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social Services (DSS) from December 1989 to

September 2002, DHH from September 2002 to present,   prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a  subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and  not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Omar Khalid, because Deneen Smith had more experience, knowledge, skills, and training than Omar Khalid.

**50.**

   On October 07, 2015 4:05 PM, Devin George, MPPA, State Registrar sent the following email to staff of the DHH Office of Public Health, Center for Records and Statistics announcing the promotions discussed above as follows:

> Good afternoon!
>
> I would like to thank the entire Vital Records Team for the high quality of work and passion each of you maintain as we strive to provide the highest level of service. I want to share with you some key staffing updates in Vital Records' leadership that will be pivotal as we continue moving forward in transforming and modernizing Louisiana Vital Records.
>
> Robin Lewis has taken the role as Deputy State Registrar of Vital Records. Robin will continue to apply her skills in Vital Records operations and policy as we make further enhancements to bring the greatest value to our state's residents and keep our VR system as one of the top in the country.
>
> Next week, Jemimah Mickel will transition to the role of Director of Operations for Vital Records (previously the VR Program Manager).  Mimi has been instrumental during the establishment of the Quality Management Unit and has done a tremendous job laying a solid foundation for the QMU. She will be utilizing her many process

improvement and assessment skills as she begins to focus on the day-to-day operations of Vital Records.

Also next week, Omar Khalid will transition to the role of Quality Management Unit Director. Omar has worked in Field Services and has been an asset in the planning and proposal process for a number of quality initiatives and grant awards. He will be leading the QMU as Vital Records continues to enhance our review of processes and systems, as well as increasing our collaboration and outreach to all of our stakeholders. There are two additional staffing transitions I would like to announce. First, Jira-Shea Davis began serving as the Field Services Manager this week. Also, Mary Moss will be transitioning to the role of Amendments Manager beginning next week.

Please join me in congratulating all of these employees as we all move forward in implementing our strategic plan and programmatic priorities.

Best,

Devin

**Devin D. George, MPPA**

STATE REGISTRAR AND CENTER DIRECTOR

OFFICE OF PUBLIC HEALTH, CENTER FOR RECORDS AND STATISTICS

LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS

### 51.

The announcement of the promotion of Omar Khalid was made to the staff on October 7, 2015 prior to the conditional offer being made by Devin George on October 18, 2015 and before Omar Khalid accepting the position of Program Manager 1-B (Quality Management Unit Director).

### 52.

Devin George denied Deneen Smith a promotional opportunity and did not properly advertise the Program Monitor Supervisor (Field Services Manager) that was announced in the October 7, 2015 email and to which Jira-Shea Davis was promoted effective September 28, 2015.

### 53.

The hiring manager for the position was Devin George (WM) State Registrar.

### 54.

Deneen Montgomery Smith was not offered an interview for the Program Monitor Supervisor (Field Service Manager) position.

### 55.

Devin George, in consultation with Darlene Smith, retained the ultimate hiring authority for the Program Manager 1-B-DHH position.

### 56.

On September 22, 2015, Devin George signed a contractual agreement for a conditional offer of employment to Jira-Shea Davis who accepted the conditional offer of employment on September 23, 2015 and effective October 12, 2015, Jira-Shea Davis was officially promoted to the position of Program Monitor Supervisor that resulted in a 7% increase in salary because she was promoted one grade level upward.

### 57.

Deneen Smith was better qualified than Jira-Shea Davis who only obtained a bachelor's degree in 2010, and began working for DHH as a clerical worker in 2010 and was promoted to a program monitor in February 2015.

### 58.

Deneen Smith was a higher 'GS' level than Jira-Shea Davis.  Smith received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present,   prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to

July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a  subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and  not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Jira-Shea Davis, because Deneen Smith had more experience, knowledge, skills, and training than Jira-Shea Davis.

**59.**

On May 22, 2016 at 9:33 a.m., Deneen Smith timely applied for a Program Monitor position.

**60.**

 The hiring manager for the position was Devin George (WM) State Registrar.

**61.**

On information and belief, Lauren Tran (Caucasian female) did apply for the position, but she did not meet minimum requirements.

**62.**

Devin George, hiring authority allowed the position to expire without offering an interview to Deneen Smith who had timely applied for the Program Monitor Supervisor position.

**63.**

Devin George then reposted the Program Monitor Supervisor position after Lauren Tran would meet minimum qualifications.

**64.**

On September 7, 2016 at 5:35 p.m., Deneen Smith applied again for the Program Monitor Supervisor position.

**65.**

The hiring manager for the position was Devin George (WM) State Registrar.

**66.**

Deneen Montgomery Smith was offered a perfunctory pretextual interview for the Program Monitor supervisor position.

**67.**

Devin George, in consultation with Darlene Smith, retained the ultimate hiring authority for the Program Monitor Supervisor position.

**68.**

Effective October 12, 2015, Devin George promoted Lauren Tran to the position of Program Monitor Supervisor that resulted in a 7% increase in salary because she was promoted one grade level upward.

**69.**

Deneen Smith was better qualified than Lauren Tran (Caucasian female) who only obtained a bachelor's degree in 2009, worked as a temporary fill-in from Nov. 2009 to Jan. 2010 in FMLA certification position, was hired at the Department of Social Services in a clerical position in January 2010, hired as a program monitor at DHH in December 2015 until she was promoted on December 5, 2016 to Program Monitor Supervisor.

**70.**

Deneen Smith received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social

Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present, prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Lauren Tran, because Deneen Smith had more experience, knowledge, skills, and training than Lauren Tran.

**71.**

Although Deneen Smith had previously requested to be detailed or promoted by Devin George (WM), Devin George and Darlene Smith continued to retaliate against Deneen Smith for filing prior grievances, EECOC charges and lawsuits alleging employment discrimination and retaliation by promoting Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

**72.**

Devin George (WM) and Darlene Smith harassed Deneen Smith, retaliated against Deneen Smith and interfered with the terms and conditions of employment, prevented Deneen Smith

promotional opportunities under the Louisiana State Merit System by employing the retaliatory tactic of detailing and promoting Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

### 73.

At all relevant times, Devin George and Darlene Smith were working as the State Registrar in DHH Vital Records under the color of title.

### 74.

DHH was sent Notice of an EEOC charge request, Charge No. 461-2015-00606, on February 26, 2015.

### 75.

An EEOC Charge was filed on March 21, 2015  bearing Charge No. 461-2015-00606 Due to continuing retaliation, isolation, harassment, hostile work environment, and denial of promotions from filing prior grievances, EEOC charges and lawsuits.

### 76.

On November 5, 2015, Deneen Smith filed another charge with the Equal Opportunity Commission alleging continuing violations since being transferred to DHH Office of Public Health including but not limited to the following as described in paragraphs herein:

  a)  Deneen Smith continues to be subjected to unfair treatment;

b) Deneen Smith continues to be retaliated against for filing prior claims with EEOC, lawsuits, and grievances;

c) Deneen Smith continues to be denied promotional and progressive advancement opportunities;

d) Deneen Smith continues to suffer isolation;

e) Deneen Smith continues to suffer intimidation;

f) Deneen Smith continues to be subjected to a hostile work environment;

g) Deneen Smith continues to have loss financial opportunities;

h) Deneen Smith continues to not be included in meetings that impact her job performance; and

i) Deneen Smith continues to be denied raises.

## 77.

Deneen Smith also filed previous grievances, EEOC Charges and lawsuits in 2007 and 2008; since being transferred to DHH-Vital Records, Deneen Smith continued to experience harassment, isolation, a hostile work environment, retaliation, and denial of promotions and opportunities to detail between August 2014 to February 2015 that resulted in Deneen Smith filing internal DHH grievances, an EEOC Charge request on February 19, 2015, EEOC Charge on March 21, 2015  and a third lawsuit against DHH, and employees in management on November 30, 2015 alleging among other things, discrimination, harassment, and retaliation.

## 78.

A third lawsuit was filed on November 30, 2015, remains pending and is captioned Deneen Montgomery-Smith vs. The State of Louisiana, through its Department of      Health and Hospitals Office of Public Health - Louisiana Center for Records and Statistics, et al U. S. Eastern District - Docket No. 2:15-cv-06369.

19

**79.**

Darlene Smith retired as the Center Director/State Registrar on January 3, 2014.

80.

Prior to retiring, Darlene Smith retaliated against Deneen Smith and created a hostile work environment that is the subject of the pending litigation.

**81.**

Before retiring, Darlene Smith and Devin George conspired to bring Darlene Smith back to DHH.

**82.**

Effective September 2, 2014, Darlene Smith Returned as a Program Manager 1-A.

**83.**

Devin George, Center Director/State Registrar, has conspired with, Darlene Smith, DHH Vital Records consultant to the Center Director/ State Registrar to retaliate against Deneen Montgomery-Smith and deny her promotions and advancement opportunities, intimidate, isolate, and harass her.

**84.**

At all relevant times, Devin George and Darlene Smith were working under the color of title.

**85.**

Devin George and Darlene Smith retaliated against Deneen Smith and prevented her from being  promoted because she filed previous claims of racial discrimination and retaliation against DHH.

**86.**

Deneen Smith has filed Civil Service grievances and exhausted all administrative remedies according to DHH and Civil Service.

**87.**

Deneen Smith is still employed at DHH Office of Public Health, Louisiana Center for Records and Statistics and is still being subjected to discrimination, retaliation, denial of promotion, advancement opportunities, intimidation, isolation, harassment and a hostile work environment.

**88.**

Deneen Smith was treated differently from similarly situated employees, Robin Lewis, Jemimah Mickel, Omar Khalid, Jira-Shea Davis, Lauren Tran and other promoted employees who had not filed discrimination and retaliation charges with EEOC, DHH grievances, and/or lawsuits against DHH Office of Public Health Louisiana Center for Records and Statistics in the New Orleans office.

**89.**

At all times, Deneen Smith was qualified for her job and all promotions for which she applied.

**90.**

The pattern and practice of  Devin George, Center Director/ State Registrar, Darlene Smith, DHH Vital Records consultant to the Center Director/ State Registrar and other employees and agents of DHH Office of Public Health and of the Louisiana Center for Records and Statistics against Plaintiff conspiring to prevent Deneen Montgomery-Smith from promotions and causing her employment environment to be hostile constitutes an unlawful employment practices.

**91.**

Due to the pervasive ongoing discrimination, retaliation, and hostile work environment, on November 12, 2015, Deneen Smith requested that the EEOC issue her a right to sue letter for Charge No. 461-2016-00165 filed on November 5, 2015.

**92**.

Deneen Smith followed up the request to issue the EEOC Charge with phone calls and emails

**93.**

On March 7, 2017, Deneen Smith received the following email from the EEOC,

> On Tue, Mar 7, 2017 at 10:11 AM, UMA KANDAN <UMA.KANDAN@EEOC.GOV> wrote:
> Ms. Smith,
>
> Attached is a copy of the Notice of Right to Sue that was issued to you on December 1, 2015.
>
> Thank you,
>
> Uma Kandan
>
> **Uma R. Kandan**
>
> **Enforcement Manager**
> **E. E. O. C.**
> **New Orleans Field Office**
> **500 Poydras Street, Room 809**
> **New Orleans, LA  70130**
> **Ph: (504) 595-2856**
> **uma.kandan@eeoc.gov**

**94.**

The attached U. S. Equal Employment Opportunity Commission Dismissal and Notice of Rights letter in connection with Charge No. 461-2016-00165-dated December 1, 2015 was not received by Deneen Montgomery Smith; until, it was sent as an attachment to the email referenced above on March 7, 2017. (See Exhibit "1")

**95.**

The actions and/or inactions of Devin George, Darlene Warren Smith, and DHH Office of Public Health, Louisiana Center for Records and Statistics as identified in this Complaint are all in violation of laws including but not limited to those stated herein and are intentional discriminatory, harassment, intimidation, isolation, denial of promotion, denial of advancement opportunities, hostile work environment, retaliatory conduct,  refusal to  have discussions with Deneen Montgomery Smith about grievances, and refusal to hold hearings about grievances filed by Deneen Montgomery Smith for which the employer(s) is responsible for its employees and agents under the doctrine of respondeat superior.

**96.**

As a result of the wrongful discrimination, retaliation, harassment, and hostile work environment, Deneen Smith has sustained significant emotional distress, loss of enjoyment of life, mental anguish, unequal pay, loss of promotional and advancement opportunities, and loss of earnings.

**FIRST CAUSE OF ACTION**

**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991, AS AMENDED, SECTION 701 ET SEQ. AND ALL ANTI-RETALIATION PROVISIONS OF 42 U.S.C. § 2000E ET SEQ. AS AMENDED**

**97.**

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 97 of this complaint and incorporates the same as though fully set forth herein.

**98.**

Deneen Smith received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social

Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present, prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Lauren Tran, because Deneen Smith had more experience, knowledge, skills, and training than Lauren Tran.

**99.**

Although Deneen Smith had previously requested to be detailed or promoted by Devin George (WM), Devin George and Darlene Smith continued to retaliate against Deneen Smith for filing prior grievances, EECOC charges and lawsuits alleging employment discrimination and retaliation by promoting Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

**100.**

Devin George (WM) and Darlene Smith harassed Deneen Smith, retaliated against Deneen Smith and interfered with the terms and conditions of employment, prevented Deneen Smith

promotional opportunities under the Louisiana State Merit System by employing the retaliatory tactic of detailing and promoting Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

**101.**

At all relevant times, Devin George and Darlene Smith were working as the State Registrar in DHH Vital Records under the color of title.

**102.**

The pattern and practice of discrimination, harassment, and retaliation against Plaintiff, Deneen Smith(BF), violated *Title VII of the Civil Rights Act of 1964 and 1991 as amended, 42 U.S.C. § 2000e et seq., which prohibits* discrimination against any person with respect to terms, conditions or privileges of employment because of an individual's race, color, religion, sex, or national origin and prohibits retaliatory conduct for participating in protected activity.

**103.**

As a result of the violations of the Civil Rights Act of 1964 and 1974, as amended, Deneen Smith  is entitled to promotion, back pay, front pay and or compensation for all employee benefits lost as a result of the violations of the Civil Rights Act of 1964 and 1991, as amended, attorney fees and costs, as well as compensatory and punitive damages in accordance with applicable law.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1981 AS AMENDED

### 104.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 97 of this complaint and incorporates the same as though fully set forth herein.

### 105.

Deneen Smith received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present, prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Lauren Tran, because Deneen Smith had more experience, knowledge, skills, and training than Lauren Tran.

### 106.

Although Deneen Smith had previously requested to be detailed or promoted by Devin George (WM), Devin George and Darlene Smith continued to retaliate against Deneen Smith for filing prior grievances, EECOC charges and lawsuits alleging employment discrimination and retaliation by promoting Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for

Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

**107.**

Devin George (WM)  and Darlene Smith harassed  Deneen Smith, retaliated against Deneen Smith and interfered with the terms and conditions of employment, prevented Deneen Smith promotional opportunities under the Louisiana State Merit System by employing the retaliatory tactic of detailing and promoting Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

**108.**

At all relevant times, Devin George and Darlene Smith were working as the State Registrar in DHH Vital Records under the color of title.

**109.**

The pattern and practice of discrimination, harassment, and retaliation against Plaintiff, Deneen Smith(BF), violated *42 USC 1981, as amended, which prohibits* discrimination against any person with respect to terms, conditions or privileges of employment because of an individual's race, prohibits, Harassment or intimidation after contract formulation AND post hiring race discrimination covers race discrimination and retaliation.

**110.**

As a result of the violations of the *42 USC 1981* as amended, Deneen Smith  is entitled to promotion, back pay, front pay and or compensation for all employee benefits lost as a result of the violations of the *42 USC 1981*, as amended, attorney fees and costs, as well as compensatory and punitive damages in accordance with applicable law.

**THIRD CAUSE OF ACTION**
**42 U.S.C. § 1983 and La. R.S. 9:2798.1**

**111.**

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 96 of this complaint and incorporates the same as though fully set forth herein.

**112.**

The actions and inactions of Devin George and Darlene Smith in conspiring to retaliate, discriminate, intimidate, isolate, deny promotions, and create a hostile work environment against Deneen Smith also violate 42 U.S.C. § 1983 which prohibits any person acting under color of any statute, ordinance, regulation, custom, or usage, of any State from  subjecting, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

**113.**

Deneen Smith received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present, prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30,

2007 with no supervisory responsibilities, has been designated by Devin George as a  subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and  not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Lauren Tran, because Deneen Smith had more experience, knowledge, skills, and training than Lauren Tran.

## 114.

Although Deneen Smith had previously requested to be detailed or  promoted by Devin George (WM), Devin George and Darlene Smith continued to retaliate against Deneen Smith for filing prior grievances, EECOC charges and lawsuits alleging employment discrimination and retaliation by promoting  Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

## 115.

Devin George (WM)  and Darlene Smith harassed  Deneen Smith, retaliated against Deneen Smith and interfered with the terms and conditions of employment, prevented Deneen Smith promotional opportunities under the Louisiana State Merit System by employing the retaliatory tactic of detailing and promoting Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic

Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

### 116.

At all relevant times, Devin George and Darlene Smith were working as the State Registrar in DHH Vital Records under the color of title.

### 117.

The pattern and practice of discrimination, harassment, and retaliation against Plaintiff, Deneen Smith(BF), violated *Title VII of the Civil Rights Act of 1964 and 1991 as amended, 42 U.S.C. § 2000e et seq., which prohibits* discrimination against any person with respect to terms, conditions or privileges of employment because of an individual's race, color, religion, sex, or national origin and prohibits retaliatory conduct for participating in protected activity.

### 118.

As a result of the violations of the Civil Rights Act of 1964 and 1974, as amended, Deneen Smith  is entitled to promotion, back pay, front pay and or compensation for all employee benefits lost as a result of the violations of the Civil Rights Act of 1964 and 1991, as amended, attorney fees and costs, as well as compensatory and punitive damages in accordance with applicable law.

### 119.

As a result of the violations of 42 U.S.C. § 1983, Deneen Smith  is entitled to promotion, back pay, front pay, compensation for all employee benefits lost as a result of the violations of the 42 U.S.C. § 1983, attorney fees and costs, as well as compensatory and punitive damages in accordance with applicable law.

**120.**

Pursuant to La. R.S. 9:2798.1 liability can be imposed on public entities or their officers or employees:

> (1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

> (2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

**121.**

The acts of Devin George, Nadine Smith and Darlene Smith as alleged herein are malicious, intentional, willful, outrageous, reckless, or flagrant misconduct for which they can be held liable.

**FOURTH  CAUSE OF ACTION**
**LA.-R.S.A 23:301 ET SEQ.**

**122.**

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 96 of this complaint and incorporates the same as though fully set forth herein.

**123.**

La.-R.S.A 23:301 et seq., LSA-R.S. 23:312, that prohibits discrimination against any employee on the basis age and race and provides that an employer may not fail or refuse to hire, or to discharge, any individual or otherwise discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment because of the individual's age or limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee because of the individual's age and  race.

**124.**

Deneen Smith received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present, prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a  subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and  not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Lauren Tran, because Deneen Smith had more experience, knowledge, skills, and training than Lauren Tran.

**125.**

Although Deneen Smith had previously requested to be detailed or  promoted by Devin George (WM), Devin George and Darlene Smith continued to retaliate against Deneen Smith for filing prior grievances, EECOC charges and lawsuits alleging employment discrimination and retaliation by promoting  Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

**126.**

Devin George (WM)  and Darlene Smith harassed  Deneen Smith, retaliated against Deneen Smith and interfered with the terms and conditions of employment, prevented Deneen Smith promotional opportunities under the Louisiana State Merit System by employing the retaliatory tactic of detailing and promoting Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

**127.**

At all relevant times, Devin George and Darlene Smith were under color of title.

**128.**

As a result of the violations of La.-R.S.A 23:301 et seq., LSA-R.S. 23:312, Deneen Montgomery-Smith is entitled to compensation for all violations of law, promotion, past physical pain and suffering, future physical pain and suffering, medical expenses, loss of earnings, loss of future earnings, loss of earning capacity, loss of enjoyment of life, permanent disability to the body, compensatory and punitive damages, attorney fees and costs, together with expert witness fees and legal interest, damages in accordance with applicable law.

**FIFTH CAUSE OF ACTION**
**LA. REV. STAT. ANN. 51:2256**

**129.**

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 96 of this complaint and incorporates the same as though fully set forth herein.

**130.**

La. Rev. Stat. Ann. 51:2256 which makes it unlawful for an employer to retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by Title 23 of the Louisiana Revised Statutes of 1950, as amended or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing of Title 23 of the Louisiana Revised Statutes of 1950 as amended.

**131.**

Deneen Smith received her bachelor's degree in criminal justice in 1988, a master's degree in criminal justice in 1998, was employed with the State of Louisiana Department of Social Services (DSS) from December 1989 to September 2002, DHH from September 2002 to present, prior experience supervising professional level employees at DHH, Bureau of Protective Services from March 30, 2004 to July 30, 2007; when, she was retaliated against and involuntarily transferred to program monitor/governmental liaison to vital records in July 30, 2007 with no supervisory responsibilities, has been designated by Devin George as a  subject matter expert in Vital Records, assisted and made herself available to all staff and departments, liaison between Vital Records and all state and federal agencies, and although retaliated against and  not been promoted or detailed since coming to Vital Records in 2007, was still more qualified than Lauren Tran, because Deneen Smith had more experience, knowledge, skills, and training than Lauren Tran.

**132.**

Although Deneen Smith had previously requested to be detailed or  promoted by Devin George (WM), Devin George and Darlene Smith continued to retaliate against Deneen Smith for

filing prior grievances, EECOC charges and lawsuits alleging employment discrimination and retaliation by promoting  Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

### 133.

Devin George (WM)  and Darlene Smith harassed  Deneen Smith, retaliated against Deneen Smith and interfered with the terms and conditions of employment, prevented Deneen Smith promotional opportunities under the Louisiana State Merit System by employing the retaliatory tactic of detailing and promoting Robin Lewis (BF) to the Program Manager 2 (Deputy State Registrar of Vital Records), Jemimah Mickel (BF) to Program Manager 1-B (Director of Operations for Vital Records -previously the VR Program Manager), Omar Khalid (Islamic Male) to Program Manager 1-B (Quality Management Unit Director), Jira Shea Davis (BF) to the Program Monitor Supervisor (Field Service Manager), and Lauren Tran to Program Monitor Supervisor all of whom were less qualified than Deneen Montgomery-Smith.

### 134.

At all relevant times, Devin George and Darlene Smith were under the color of title.

### 135.

As a result of the violations of law, **Deneen Montgomery-Smith** is entitled to compensation for all violations of law, promotion, past physical pain and suffering, future physical pain and suffering, medical expenses, loss of earnings, loss of future earnings, loss of earning capacity,

loss of enjoyment of life, permanent disability to the body, compensatory and punitive damages, attorney fees and costs, together with expert witness fees and legal interest, damages in accordance with applicable law.

**136.**

Deneen Smith  is entitled to and prays for trial by jury.

**WHEREFORE**, petitioner, **Deneen L. Montgomery-Smith** prays that the defendant, **DHH Office of Public Health,  Devin George, Individually and in His Capacity as State Registrar, DHH Office of Public Health-Louisiana Center for Records and Statistics, and Darlene Warren-Smith, Individually and in her capacity as DHH Vital Records Consultant to Center Director/State Registrar, DHH Office of Public Health - Louisiana Center for Records and Statistics**, herein be served with a copy of this Complaint and that they be duly cited to appear and answer same, and that after due proceedings had there be Judgment in favor of your petitioner, **Deneen L. Montgomery-Smith** against defendant, **DHH Office of Public Health,  Devin George, Individually and in His Capacity as State Registrar, DHH Office of Public Health-Louisiana Center for Records and Statistics, and Darlene Warren-Smith, Individually and in her capacity as DHH Vital Records Consultant to Center Director/State Registrar, DHH Office of Public Health - Louisiana Center for Records and Statistics**, for the sum of all damages as may be proven by the plaintiff in this matter, all reasonable compensation, for all losses and damages allowed pursuant to law, together with legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings including expert witness fees.  Petitioner further prays for all general and equitable relief as the nature of the case may permit and that there be trial by jury.

RESPECTFULLY SUBMITTED,

/s *Wanda Anderson Davis*

_____

**WANDA ANDERSON DAVIS #16788**
**Leefe, Gibbs, Sullivan, and Dupre, L.L.C.**
**3900 North Causeway Blvd., Suite 1470**
**Metairie, LA 70002**
**(504) 830-3990**
**Attorney for Plaintiff**

,,

37